UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CAUSE NO. 1:07-CV-254 |
| JONATHAN L. BOWER, II, et al., ) ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Plaintiff filed its Complaint For Declaratory Judgment in the district court ostensibly based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), though the Complaint is silent with respect to jurisdiction. (Docket # 1.)  The Complaint alleges that Plaintiff is a Wisconsin corporation engaged in the business of selling insurance in the State of Indiana and is devoid of any information with respect to the citizenship of Defendants. (Compl. ¶ 1.)

Plaintiff's Complaint is inadequate.  A pleading shall contain " a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Fed. R. Civ. P. 8(a). Here, the Complaint contains no such jurisdictional statement.  "In order to avoid dismissal for lack of subject matter jurisdiction, [Plaintiff] must enlarge the record to show the citizenship of each party as of the date that the complaint was filed."[1] *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).
    Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057  n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see also Bankers Trust Co.*

Cir. 1993); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) (stating that the court has an obligation to inquire into its own subject matter jurisdiction); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (emphasizing that for purposes of diversity jurisdiction, each party's "citizenship is what matters"). Anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As to Plaintiff, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to Plaintiff. As to Defendants Jonathan Bower II, Michael Bower, Anne Bower, and GLB, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch*, 9 F.3d at 1245; *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

The record is devoid of any information indicating the legal status of Defendant The Church on Fire. If it is a corporation, then, as with Plaintiff, the Court needs to be apprised of the state in which The Church on Fire is incorporated and the state in which it has its principal place of business. *See Bunge Corp.*, 899 F.2d at 594. However, if it is an unincorporated association, the citizenship "must be traced through however many layers of partners or members there may be." *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002); *see Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("Membership

---

*v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

associations . . . take [on] the citizenship of each member."); *Denlinger*, 87 F.3d at 217 (finding a complaint defective for purposes of diversity jurisdiction because it failed to allege the defendant church's type of organization and its citizenship).

Therefore, Plaintiff is ORDERED to file on or before April 7, 2008, an Amended Complaint that adequately reflects the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.  Plaintiff is further DIRECTED to serve the Amended Complaint on Defendant Jonathan Bower II, the Defendant that it is seeking to default.  On that score, Plaintiff's motion and amended motion seeking a default against Defendant Jonathan Bower II (Docket # 10, 13) are hereby DENIED, as Plaintiff has failed to show that the Court has subject matter jurisdiction over this action and thus such a judgment would be void. *See United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995) (stating that a judgment is void for purposes of Federal Rule of Civil Procedure 60(b)(4) if the court that rendered it lacked jurisdiction over the subject matter).

SO ORDERED.

Enter for this 18th day of March, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge